# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ARTIS ROGERS, JR., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:10-CV-125-JTM-PRC |
| ) | |
| SOLID PLATFORMS INC., ) | |
|     Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion for Leave to Amend Complaint for the Purpose of Joining Co-Plaintiff Victor Ballard [DE 8], filed by Plaintiff Artis Rogers, Jr. on May 14, 2010. Plaintiff seeks leave of Court to Amend his Complaint to join Victor Ballard as a co-plaintiff pursuant to Federal Rules of Civil Procedure 15 and 20. Defendant Solid Platforms Inc. filed a response on May 27, 2010, opposing the amendment. Plaintiff filed a reply on June 1, 2010. For the reasons set forth in this opinion, the Court denies the motion.

## FACTUAL BACKGROUND

These facts are drawn from the Affidavit of Defendant's President and Chief Operating Officer John Lammertin, the Complaint, and the proposed Amended Complaint. Defendant is a scaffolding contractor that provides scaffolding services to a variety of clients, including British Petroleum ("BP"). In the late summer and fall of 2008, Defendant employed approximately 300 carpenters at a BP power plant in Whiting, Indiana. In total, there were approximately 2,000 workers at the job site, which spans three miles. Because the nature of the work varied greatly, the carpenters were required to perform a variety of job responsibilities with a variety of people (both Defendant employees and non-employees) at various locations across the site. Lammertin explains

that job assignments could and did change on a daily basis, making routine interaction with any individual (except supervisors) unlikely.

Plaintiff Rogers, who is African-American and 59 years old, was most recently employed by Defendant from August 8, 2008, to November 12, 2008. While employed, Plaintiff was a carpenter supervised by Foreman Shawn Fitzpatrick. His second level supervisor was General Foreman James Sanders. Ballard, who is Caucasian and 58 years old, was most recently employed by Defendant as a carpenter from June 16, 2008, to November 14, 2008. Ballard was supervised by General Foreman Chris Clare. Twenty-nine individuals, including Plaintiff and Ballard, were laid off from employment with Defendant in November 2008 as a result of reduced market demand.

Lammertin states that there are very few similarities between Plaintiff's and Ballard's day-to-day employment with different supervisors and different co-workers. Lammertin states that the witnesses who could personally attest to Plaintiff's daily work experiences would be entirely different from those who could attest to Ballard's experiences.

Plaintiff alleges that co-workers harassed him, made racial jokes and physically prodded him with an object on his buttocks on account of his race, creating a hostile work environment. Plaintiff alleges he reported the harassment to his supervisors but no action was taken on his behalf. Plaintiff alleges he was laid off in November 2008 and was never called back to work. Following the layoff, Plaintiff met with Lammertin and the Vice President to inform them of the harassment. Plaintiff complained of a general lack of respect among carpenters and "racial games" which Plaintiff explained to mean rumors (which he had not observed) of racial graffiti on portable toilet walls and a note placed on his hard hat stating "blow job $10." Def. Br., Exh. 1, ¶ 8.

Ballard alleges that he was assigned to work a crew with Matt Atterbury, who Ballard alleges was the main instigator of the harassment against Ballard. Ballard believes Atterbury harassed him because of his age and disability (hearing loss) by blaring horns and building a rocking chair to mock his age. Ballard filed a workers compensation claim for injury to his hearing caused by the blaring horns. According to Lammertin, Ballard voiced concerns about "horseplay," but refused to identify any specific individuals involved, and made no other mention of any type of discrimination or harassment.

Plaintiff and Ballard allege that, in April 2009, younger workers were called back to work but that they were not. They believe they were not called back because they told their supervisors of their disabilities and in retaliation for each having filed a charge of discrimination and for Ballard having filed a claim for workers compensation.

## ANALYSIS

Federal Rule of Civil Procedure 15(a) provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

When a party seeks to add an additional plaintiff, the requirements of Federal Rule of Civil Procedure 20 must also be met. *Chavez v. Illinois State Police*, 251 F.3d 612, 632 (7th Cir. 2001). Rule 20 provides that "[p]ersons may join in one action as plaintiffs if . . . they assert any right to

3

relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and* . . . any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1) (emphasis added). District courts are granted wide discretion in their decisions concerning joinder, and the Seventh Circuit has recognized that "this discretion allows a trial court to consider, in addition to the requirements of Rule 20, other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness. If joinder would create prejudice, expense or delay the court may deny the motion." *Chavez*, 251 F.3d a 632 (internal citations and quotation marks omitted).

Plaintiff's Complaint alleges (1) race discrimination, (2) disability discrimination based on a "total knee replacement," (3) age discrimination, (4) harassment based on race leading to a hostile work environment, and (5) retaliation for filing an EEOC charge. Ballard's proposed claims include (1) disability discrimination based on "hearing loss," (2) age discrimination, (3) harassment based on age and disability, (4) retaliation for filing an EEOC charge, and (5) retaliation for filing a workers' compensation claim. Plaintiff argues that he should be permitted to join Ballard as a plaintiff in this matter because they are co-workers complaining of the same hostile work environment and retaliation allegations based on age and disability against their common employer during the same time period. In support, Plaintiff cites both *Mosley v. General Motors Corp.*, 497 F.2d 1330 (8th Cir. 1974), and *King v. Pepsi Cola Metro. Bottling Co.*, 86 F.R.D. 4 (E.D. Pa. 1979), as cases in which there were allegations of a company-wide policy that affected all of the plaintiffs such that joinder was permissible.

4

Significantly, there is no allegation of a company-wide policy in the proposed amended complaint in this case as to racial discrimination, hostile work environment, age discrimination, disability discrimination, or retaliation. Plaintiff's only argument that he and Ballard have alleged a company-wide policy is to note that they have alleged a "hostile work environment," which he contends is "in essence, a policy, at the company." Pl. Reply, p. 2. However, Plaintiff's allegations of a hostile work environment are based on race, and Ballard's allegations of a hostile work environment are based on age and disability. The proposed amended complaint sets out two different factual backgrounds describing different forms of discrimination by different people. The proposed amendment names Matt Atterbury as "the main instigator of the harassment against Ballard," but does not allege that Atterbury has any relevance to Plaintiff's claims. Ballard alleges retaliation based on filing a workers' compensation claim, which Plaintiff does not allege, and absent from Plaintiff's allegations is Ballard's allegation that he was assigned to work in an area where "carpenters with problems with their supervisors were placed prior to being fired." (Proposed Amended Complaint, ¶¶ 1, 7, 8, 10.). Plaintiff's only complaint to management involved a general lack of respect among carpenters and "racial games" which Plaintiff explained to mean rumors (which he had not observed) of racial graffiti on port-o-potty walls and a note written on his hard hat stating "blow job $10." Ballard, on the other hand, voiced concerns about "horseplay," but refused to identify any specific individuals involved, and made no mention of any type of discrimination or harassment.

Based on the facts and allegations before the Court, Plaintiff and Ballard were supervised by different individuals, worked among different individuals, and voiced concerns about different issues, in different manners, and on different occasions. Plaintiff has not suggested how his

5

employment experiences of which he complains were similar to those of Ballard or how the same individuals may have been involved in the underlying facts of their claims. Most significantly, there is no allegation of any company-wide discriminatory policy, only allegations of individual action or inaction that had a discriminatory impact on Defendant's workforce. Although there may be some common questions of law or fact as they relate to Plaintiff and Ballard's overlapping legal claims (age discrimination and retaliation), Plaintiff has not satisfied the requirement of Rule 20(a) that "they assert any right to relief . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and joinder is not proper. *See Bloomquist v. ZLB Behring, LLC*, No. 06 C 6738, 2007 WL 2903181, at * 3 (N.D. Ill. Sept. 28, 2007) ("[P]laintiffs contend that defendant made individual hiring decisions that had a discriminatory impact on its workforce, not that it applied a single discriminatory hiring policy to all victims of the RIF."); *see also Dean v. City of Chi.*, No. 09 C 1190, 2009 WL 2848865, at * 3 (N.D. Ill. Aug. 31, 2009) (holding that the first prong of Rule 20 was met because the arrests in the case were "tied together by several factors," including the same arresting officer, a common set of allegedly improper practices by that officer, and the same common set of policies and practices on the part of the City of Chicago); *Teklehaimanot v. Park Center, Inc.*, No. 1:08-CV-220, 2009 WL 799505, at * 1 (N.D. Ind. Mar. 24, 2009) (granting a motion for joinder, not opposed by defendant, on the grounds that plaintiff and the other individual were terminated as a result of the same incident); *Johnson v. Pollard*, No. 08-C-297, 2008 WL 5114283, at * 3 (E.D. Wis. Dec. 2, 2008) (finding Rule 20(a) satisfied because the plaintiffs alleged a "pattern of conduct that occurred within the segregation unit . . . . during a specified period of time"); *Riley-Jackson v. Casino Queen, Inc.*, No. 07-C-631, 2008 WL 3992685, at * 1 (S.D. Ill. Aug. 22, 2008) (finding the first prong of Rule 20(a) satisfied because

plaintiffs alleged a pattern and practice of harassment and direct discrimination against African-Americans); *Hawkins v. Groot Indus., Inc.*, 210 F.R.D. 226, 230 (N.D. Ill. 2002).

In opposition to the instant motion, Defendant raises additional arguments that the amendment should not be permitted under Rule 15, including the interests of justice, undue prejudice, and futility. Because the requirements for joinder under Rule 20(a) are not met, the Court declines to address these additional arguments.

**CONCLUSION**

Based on the foregoing, the Court hereby **DENIES** the Motion for Leave to Amend Complaint for the Purpose of Joining Co-Plaintiff Victor Ballard [DE 8].

SO ORDERED this 4th day of June, 2010.

> s/ Paul R. Cherry
> MAGISTRATE JUDGE PAUL R. CHERRY
> UNITED STATES DISTRICT COURT

c: All counsel of record